IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action |
| ) | |
| v. ) | No. 07-10142-06, 18, 20 |
| ) | |
| TROY LANGSTON, ) | |
| a/k/a "No Sight," ) | |
| a/k/a "Sight," ) | |
| ) | |
| LONNIE WADE, ) | |
| a/k/a "LaLo," and ) | |
| ) | |
| CALVIN WILLIAMS, ) | |
| a/k/a "Nut Case," ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Presently before the court are the following motions: (1) Williams' motion for bill of particulars (Dkt. No. 625); (2) Langston's second motion for bill of particulars (Dkt. No. 636); (3) Lonnie Wade's motion for bill of particulars (Dkt. No. 686); (4) Langston's motion to dismiss allegations in the 23rd Act of Racketeering (Dkt. No. 688); and (5) Langston's motion to suppress. The court held a motions hearing on November 24, 2008, where it made the following findings:

**1. Williams' Motion for Bill of Particulars (Dkt. No. 625)**

Generally, an indictment is judged "by practical rather than technical considerations" and is held to only minimal constitutional standards. *United States v. Dashney*, 117 F.3d 1197, 1205

(10th Cir. 1997). "An indictment is sufficient if it contains the elements of the offense charged, putting the defendant on fair notice of the charge against which he must defend and if it enables a defendant to assert an acquittal or conviction in order to prevent being placed in jeopardy twice for the same offense." *United States v. Poole*, 929 F.2d 1476, 1479 (10th Cir. 1991).

The district court has broad discretion in deciding whether to grant a motion for bill of particulars. *United States v. Edmonson*, 962 F.2d 1535, 1541 (10th Cir. 1992). The purpose of a bill of particulars is to supplement the allegations in the indictment when necessary to: (1) inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense; (2) avoid unfair surprise to the defendant at trial; and (3) preclude a second prosecution for the same offense. *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (quotations omitted); *United States v. Anderson*, 31 F. Supp. 2d 933, 937-38 (D. Kan. 1998).

Further, the purpose of the bill of particulars is to minimize the defendant's surprise to the substantive facts of the charges, but not to obtain discovery, evidentiary detail of the government's case, or information regarding the government's legal theories. *See United States v. Hopkins*, 716 F.2d 739, 745 (10th Cir. 1982). "Unless the request for the bill of particulars shows, on its face, that the failure to grant the request would result in prejudicial surprise, the preclusion of an opportunity for meaningful defense precaution, [or double jeopardy problems,] defendant has the burden of showing that his or her request meets one of the three criteria." *Anderson*, 31 F. Supp. 2d at 938.

In this case, the superseding indictment is largely framed in the statutory language, and is specific to each count. Further, the conspiracy charges are particularized. In addition, the arguments advanced are similar to those previously advanced by other defendants and rejected by

this court.  As such, the motion is denied.  However, with respect to some of Williams' requests, the court notes that it has set out the disclosure of *Jencks* material in its scheduling order.

### 2.  Langston's Second Motion for Bill of Particulars (Dkt. No. 636)

At the hearing, Langston's counsel indicated that he was satisfied with the government's response to the first portion of his motion, and thus it is denied as moot.  For the reasons set out above, the rest of Langston's motion is denied with the understanding that the government will supply what information it has regarding when Langston allegedly became involved in the conspiracy.

### 3. Lonnie Wade's Motion for Bill of Particulars (Dkt. No. 686)

During the hearing, the court made detailed findings on the record regarding each of Wade's requests.  Thus, the motion is granted in part and denied in part, and the government is aware of the information that it should produce to Mr. Wade.

### 4. Langston's Motion to Dismiss Allegations in the 23rd Act of Racketeering (Dkt. No. 688) and Langston's Motion to Suppress (Dkt. No. 690)

These motions are under advisement, pending further briefing by the parties. Simultaneous briefing must be submitted by December 8, 2008 and responses are due by December 12, 2008.

IT IS ACCORDINGLY ORDERED this 3rd day of December, 2008.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE